# Freeport Brick Co., Appellant, *v.* Equitable Gas Co.

*Corporations—Natural gas companies — Eminent domain—Exhaustion of right—One condemnation—Contract.*

1. A corporation invested with the right of eminent domain does not exhaust that power by one condemnation.

2. Nor is the power exhausted by a contract of purchase made with the owner of land containing no limitation on the right to condemn other land.

Argued January 7, 1924. Appeal, No. 28, Oct. T., 1924, by plaintiff, from decree of C. P. Armstrong Co.,

Dec. T., 1923, No. 322, refusing preliminary injunction, in case of Freeport Brick Co. v. Equitable Gas Co. Before Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Bill in equity for an injunction to restrain condemnation proceedings. Before King, P. J.
The opinion of the Supreme Court states the facts.
Preliminary injunction refused. Plaintiff appealed.

*Error assigned* was decree, quoting it.

*R. L. Ralston,* with him *J. Frank Graff,* for appellant, cited: Evans v. American Natural Gas Co., 55 Pa. Superior Ct. 116; American Nat. Gas Co. v. Evans, 63 Pa. Superior Ct. 162; Semple v. R. R., 172 Pa. 369.

*H. L. Golden,* with him *B. U. McClintock,* for appellee, was not heard.

Per Curiam, February 4, 1924:
Plaintiff, by its bill, seeks to restrain defendant from appropriating, under the latter's power of eminent domain, a right-of-way over the former's land, for the purpose of laying down thereon a pipe line for the transportation of natural gas. The court below refused a preliminary injunction and this appeal followed. Plaintiff contends that defendant, having, through contracts with it and its predecessors in title to the land, secured rights-of-way over portions of the property for pipe-line purposes, is now estopped from condemning additional rights over other parts under its power of eminent domain. We find no violation of either of the contracts entered into by defendant with the landowners for rights-of-way previously acquired and in the present proceeding defendant has filed a bond to indemnify plaintiff against loss and complied with all requirements of the law applicable in condemnation proceedings. We have

not been referred to any case sustaining plaintiff's contentions. Semple v. Railroad, 172 Pa. 369, cited and relied upon by plaintiff, is not in point; there the railroad company sought to escape certain provisions of its contract and at the same time retain other rights acquired thereunder. On the contrary, this court has held that a corporation invested with the right of eminent domain does not exhaust that power by one condemnation. Certainly if the right is not lost by a condemnation proceeding it is not forfeited by a contract of purchase made with the owner of the land containing no such limitation: Burkhard v. Penna. Water Co., 234 Pa. 41; Gring v. Sinking Spring Water Company, 270 Pa. 232.

The decree is affirmed at costs of appellant.